## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| GUN OWNERS OF AMERICA, INC., 8001 Forbes Place Suite 202 Springfield, VA  22151, and<br><br>GUN OWNERS FOUNDATION 8001 Forbes Place Suite 202 Springfield, VA  22151,<br><br>              Plaintiffs,<br><br>v.<br><br>FEDERAL BUREAU OF INVESTIGATION J. Edgar Hoover Building 935 Pennsylvania Avenue, N.W. Washington, D.C. 20535-0001<br><br>              Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. 21-1601 |

## COMPLAINT

Gun Owners of America, Inc. and Gun Owners Foundation (together "Plaintiffs") brings this action against Defendant the Federal Bureau of Investigation ("FBI" or "Defendant") to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA").  As grounds therefor, Plaintiffs allege the following:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## PARTIES

3. Plaintiff Gun Owners of America ("GOA") is a Virginia non-stock corporation with its principal place of business in Springfield, Virginia. GOA is organized and operated as a non-profit membership organization that is exempt from federal income taxes under Section 501(c)(4) of the U.S. Internal Revenue Code. GOA seeks to promote social welfare through informing and educating the public on and conducting activities in defense of the Second Amendment and the right to keep and bear arms.

4. Plaintiff Gun Owners Foundation ("GOF") is a Virginia non-stock corporation, with its principal place of business in Springfield, Virginia. GOF is organized and operated as a non-profit legal defense and educational foundation that is exempt from federal income taxes under Section 501(c)(3) of the U.S. Internal Revenue Code. GOF is supported by gun owners across the country.

5. Defendant FBI is a component of the Department of Justice, a department of the United States Government, and is headquartered at 935 Pennsylvania Avenue, N.W., Washington, D.C. 20535-0001. Defendant is an agency within the meaning of 5 U.S.C. § 552(f). Defendant has possession, custody and control of records to which Plaintiffs seek access.

## STATEMENT OF FACTS

6. On March 15, 2021, Plaintiffs submitted an FOIA request to Defendant, via the FBI eFOIPA portal. *See* Exhibit A.

7. Plaintiffs' FOIA sought the following records:

(a) records of all communications between the FBI and the Governor of Virginia, the Office of the Governor of Virginia, the Lieutenant Governor of Virginia, the Office of the Lieutenant Governor of Virginia, the Attorney General of Virginia, the Virginia Office of the Attorney General, and agents and employees of the same that occurred between January 11, 2014 until the date you begin to process this request;

    (b)    records[1] of all communications between the FBI and the Virginia Department of State Police involving the so-called "voluntary background check" established by Va. Code Section 54.1-4201.2, or a so-called "special permit for voluntary background check" or "firearms-related permit" to be established by the executive branch of government in Virginia, that occurred between July 1, 2015 until the date you begin to process this request;

    (c)    records related to whether Virginia's voluntary background check system and its implementation complies with 28 C.F.R. Section 25.6; and

    (d)    copies of the last four National Instant Criminal Background Check System audits conducted by the FBI's Criminal Justice Information Services Division with respect to the Commonwealth of Virginia.

8. On March 24, 2021, Defendant provided four separate responses to the individual parts of Plaintiffs' single FOIA request. The FBI acknowledged part (d) of Plaintiffs' FOIA and assigned it Request No. 1492370-000. For the other three parts of Plaintiffs' request, the FBI sent three additional letters bearing Request Nos. NFP-128736, NFP-128737, and NFP-128738. *See* Exhibit B.

9. Request No. NFP-128736 responded to part (a) of Plaintiffs' FOIA, and the FBI took the position that the request is "overly broad … as it does not provide enough detail to enable personnel to locate records…."

10. Request No. NFP-128737 responded to part (b) of Plaintiffs' FOIA, and the FBI took the position that the request did "not contain enough descriptive information to permit a search of [its] records."

11. Request No. NFP-128738 responded to part (c) of Plaintiffs' FOIA, and the FBI stated that "FOIA does not require agencies to answer inquiries, create records, conduct research, or draw conclusions concerning queried data…"

---

[1] At least some of these records will be housed by the FBI's Criminal Justice Information Law Unit.

12. By letter dated April 9, 2021, Plaintiffs appealed the FBI's responses bearing the Request Nos. NFP-128736, NFP-128737, and NFP-128738. *See* Exhibit C.

13. Plaintiffs' appeal addressed each of the FBI's concerns in its various objections, and argued that Plaintiffs' FOIA (i) was detailed enough, (ii) provided enough descriptive information and (iii) did not ask the FBI to answer inquires, create records, etc.

14. In an additional series of three letters dated April 21, 2021, the FBI acknowledged Plaintiffs' appeal, but did not notify Plaintiffs of its determination, assigning Plaintiffs' appeal an additional three numbers A-2021-01576 (section c of Plaintiffs' FOIA), A-2021-01577 (section b of Plaintiffs' FOIA), and A-2021-01589 (section a of Plaintiffs' FOIA). *See* Exhibit D.

15. To date, no determination has been received from the FBI about the status of Plaintiffs' appeal, in violation of 5 U.S.C. § 552(a)(6)(A)(ii) which mandates a determination by the agency within twenty (20) business days of the appeal. Because the FBI failed to respond timely to Plaintiffs' appeal, or otherwise to process and produce records, Plaintiffs' administrative remedies are deemed exhausted. *See* § 552(a)(6)(C)(i).

16. Pursuant to 5 U.S.C. §552(a)(6)(A)(i), Defendant was required to determine whether to comply with Plaintiffs' request bearing Request No. 1492370-000 within twenty (20) working days of receipt and to notify Plaintiffs immediately of its determination, the reasons therefore, and the right to appeal any adverse determination.

17. As of the date of this Complaint, the Defendant has failed to: (i) to fully comply with Plaintiffs' FOIA request; (ii) to make a determination regarding Plaintiffs' appeal within 20 business days; (iii) to produce documents in response to Request No. 1492370-000 within 20 business days; and (iv) produce all the requested records or otherwise demonstrate that the requested records are exempt from production.

18. Plaintiffs are nonprofit organizations seeking information with which to inform and educate the public about the workings of government. Release of the records requested is in the public interest.

## CAUSE OF ACTION
### (Violation of FOIA, 5 U.S.C. § 552)

19. Plaintiffs reallege paragraphs 1 through 18 as though fully set forth herein.

20. Defendant has failed to process and make a determination regarding Plaintiffs' March 15, 2021 FOIA request within the statutory time limit, and is unlawfully withholding records requested by Plaintiffs pursuant to 5 U.S.C. § 552.

21. Plaintiffs are being irreparably harmed by reason of Defendant's unlawful withholding of requested records, and Plaintiffs will continue to be irreparably harmed unless Defendant is compelled to conform its conduct to the requirements of the law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs requests that the Court grant all appropriate relief for the violations of FOIA alleged above, including:

a. An order and judgment requiring the Defendant to conduct a search for any and all records responsive to Plaintiffs' FOIA request, and to demonstrate that it employed search methods reasonably likely to lead to the discovery of all records responsive to Plaintiffs' request;

b. An order and judgment requiring the Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiffs' FOIA request and a *Vaughn* index of any responsive records withheld under claim of exemption;

    c. An order and judgment permanently enjoining Defendant from continuing to withhold any and all non-exempt records in this case that are responsive to Plaintiffs' FOIA request;

    d. Attorneys' fees and costs to Plaintiffs pursuant to any applicable statute or authority, including 5 U.S.C. § 552(a)(4)(E); and

    e. Any other relief that this Court in its discretion deems just and proper.

                                                                                        /s/ Robert J. Olson_____
Robert J. Olson
(D.C. Bar No. 1029318 )
William J. Olson
(D.C. Bar No. 233833)
Jeremiah L. Morgan
(D.C. Bar No. 1012943)
William J. Olson, P.C.
370 Maple Avenue West, Suite 4
Vienna, VA 22180-5615
703-356-5070 (telephone)
703-356-5085 (fax)
wjo@mindspring.com (e-mail)

*Counsel for Plaintiffs*

Dated: June 11, 2021                            GUN OWNERS OF AMERICA, INC. and
                                                      GUN OWNERS FOUNDATION