# Exhibit C

# WILLIAM J. OLSON, P.C.
ATTORNEYS AT LAW

370 MAPLE AVENUE WEST, SUITE 4

VIENNA, VIRGINIA 22180-5615

TELEPHONE (703) 356-5070

FAX (703) 356-5085

E-MAIL: wjo@mindspring.com

http://www.lawandfreedom.com

WILLIAM J. OLSON
(VA, D.C.)

HERBERT W. TITUS
(VA OF COUNSEL)

JEREMIAH L. MORGAN
(D.C., CA ONLY)

ROBERT J. OLSON
(VA, D.C.)

114 CREEKSIDE LANE
WINCHESTER, VA  22602-2429
TELEPHONE (540) 450-8777
FAX (540) 450-8771

April 9, 2021
<u>via Certified Mail</u>

<u>FREEDOM OF INFORMATION ACT APPEAL</u>
Director, Office of Information Policy (OIP)
United States Department of Justice
441 G Street, NW, 6th Floor
Washington, DC 20530

      Re:    FREEDOM OF INFORMATION ACT APPEAL
                  regarding FOIA Request submitted March 8, 2021
                  Commonwealth of Virginia's Access to the NICS System
                  <u>Request Nos. NFP-128738, NFP-128736, and NFP-128737</u>

Dear Sirs:

      We represent Gun Owners of America ("GOA") and Gun Owners Foundation ("GOF"), and submit this Freedom of Information Act ("FOIA") Appeal on their behalf to the Federal Bureau of Investigation ("FBI") in reference to a single FOIA Request submitted on March 8, 2021.

      On March 24, 2021, the FBI provided a total of four responses to this one FOIA request submitted on behalf of our clients. The FBI acknowledged one part of the FOIA request, and assigned it a Request No. 1492370-000. However, the FBI sent three additional letters bearing Request Nos. NFP-128736, NFP-128737, and NFP-128738, purporting to "administratively close[]" three other parts of our clients' request, alleging they fail to comply with various statutory and regulatory requirements. We address each of the FBI's responses in turn:

      **FOIA Request No.: NFP 128736**

      Our clients' FOIA requested "*records of all communications between the FBI and the Governor of Virginia, the Office of the Governor of Virginia, the Lieutenant Governor of Virginia, the Office of the Lieutenant Governor of Virginia, the Attorney General of Virginia, the Virginia Office of the Attorney General, and agents and employees of the same that occurred between January 11, 2014 until the date you begin to process this request.*"

      FBI's response claimed that this request is "overly broad and it does not comport with the requirements of 28 C.F.R. § 16.3(b), as it does not provide enough detail to enable personnel to

2

locate records 'with a reasonable amount of effort.'" We disagree. 28 C.F.R. § 16.3(b) states, in part:

> Requesters must describe the records sought in sufficient detail to enable Department personnel to locate them with a reasonable amount of effort. To the extent possible, requesters should include specific information that may assist a component in identifying the requested records, such as the date, title or name, author, recipient, subject matter of the record, case number, file designation, or reference number. Requesters should refer to Appendix I to this part for additional, component-specific requirements. In general, requesters should include as much detail as possible about the specific records or the types of records that they are seeking... If after receiving a request a component determines that it does not reasonably describe the records sought, the component shall inform the requester what additional information is needed or why the request is otherwise insufficient. Requesters who are attempting to reformulate or modify such a request may discuss their request with the component's designated FOIA contact, its FOIA Public Liaison, or a representative of the Office of Information Policy ("OIP"), each of whom is available to assist the requester in reasonably describing the records sought. If a request does not reasonably describe the records sought, the agency's response to the request may be delayed.

Our clients' request is not overly broad, but instead provides more than sufficient detail to enable FBI to search for records.

First, our request seeks communications between a **limited number of FBI personnel** and a limited number of clearly identified Virginia officials, during a limited time period. Our request does not require an exhaustive search of the records of all FBI personnel, but rather those likely to hold responsive records.[1] While we cannot guide FBI as to how to best search its indices for responsive information, since our FOIA request deals with Virginia officials, it would be reasonable for the FBI to assume that such communications either would have been with one of the FBI's three Virginia field offices (Norfolk, Richmond, or Washington), or those at FBI headquarters who interact with state officials. Within those limited offices, it seems highly like that there would be only a few FBI personnel (at most) authorized to communicate with *elected* state officials. The number of custodians within FBI's searches thus would be limited.

Second, our clients' request seeks FBI communications with a **limited number of Virginia officials**. Since most (if not all) such communications would have occurred by e-mail, FBI could search for emails sent to and received from addresses with the domain ending

---

[1] "In responding to a FOIA request, an agency must conduct a reasonable search for responsive records. An agency is not required to search every record system, but need only search those systems in which it believes responsive records are likely located." *Hall & Assocs. v. EPA*, 846 F. Supp. 2d 231, 241 (D.C. Cir. 2012).

3

"virginia.gov" and, within those, perhaps narrow the results to those containing signature blocks with the words "governor" or "attorney general" (targeting the Virginia offices we seek)  This would seem likely to uncover the communications we seek.

Third, FBI's searches are unlikely to involve more than a **limited number of records**.  We have not, for example, asked for communications with a state law enforcement agency such as the Virginia State Police.  Rather, we have sought FBI communications with elected executive branch officials within Virginia government, which seems highly unlikely to involve more than a few discrete issues over **a limited period of time**.

In sum, our requests asks FBI to search a **limited** number of custodians, for a **limited** number of easily identifiable records, between the FBI and a **limited** number of Virginia state officials, for a **limited** time period.  It is hardly lacking "sufficient detail," and FBI's decision to administratively close our request was without merit.

### FOIA Request No.: NFP 128737

Our clients' FOIA requested "*records[] of all communications between the FBI and the Virginia Department of State Police involving the so-called "voluntary background check" established by Va. Code Section 54.1-4201.2, or a so-called "special permit for voluntary background check" or "firearms-related permit" to be established by the executive branch of government in Virginia, that occurred between July 1, 2015 until the date you begin to process this request*."

FBI's response claimed that this request did "not contain enough descriptive information to permit a search of our records[]" and again cited 28 C.F.R. § 16.3(b) and gave examples of additional information which would "assist in locating potentially responsive records."

On the contrary, FBI could simply search for emails ending with "@vsp.virginia.gov" to capture communications with the relevant state officials.  From there, our request provided FBI with explicit key words as to subject matter, which will at minimum help FBI to begin its searches, and which includ "voluntary background check," "special permit for voluntary background check," and "firearms-related permit."  Moreover, communications with the FBI involving access to the NICS system most likely involved officials either with the FBI's OGC/Criminal Justice Information Law Unit or the FBI's National Instant Criminal Background Check System (NICS) Section.

Again, our clients' request deals with a narrow topic between a few VSP officials and a few FBI officials.  FBI has more than enough "descriptive information" with which to process our request, and FBI's decision to administratively close our request was without merit.

4

**FOIA Request No.: NFP 128738**

Our clients' FOIA requested "*records related to whether Virginia's voluntary background check system and its implementation complies with 28 C.F.R. Section 25.6.*"

In response to this request, FBI claimed that "FOIA does not require federal agencies to answer inquiries, create records, conduct research, or draw conclusions concerning queried data," and "[t]he questions posed in the referenced letter are not FOIA requests because they do not comply with the FOIA and its regulations," but did not identify any particular statute or regulations.

On the contrary, our request does not ask FBI to answer any questions, create any records, or to opine on the legality of Virginia's voluntary background check system. Rather, our request seeks FBI "records" which already exist relating to a discrete issue. Certainly, *the records sought may* in part explain the FBI's position on certain issues, including the legality of Virginia's system. But that in no way means that we have asked the FBI to explain its position or create new records, but only to provide responsive records that do exist.

Certainly, it is possible the agency has no records as to whether Virginia's voluntary background check system and its implementation complies with 28 C.F.R. Section 25.6. Perhaps the agency has never considered the matter. But to provide that response, FBI first would have to process our request, rather than close it.

Because our clients did not ask the agency to opine on whether Virginia is complying with the law, but rather only sought **existing** records on the topic, FBI's decision to administratively close our request was without merit.

Thank you for your prompt attention to this appeal. We request that you grant our apeal and order to begin processing the remaining parts of our FOIA request forthwith. Should you need to discuss any portion of our clients' appeal, please do not hesitate to contact us.

Sincerely yours,

Robert J. Olson

RJO:ls

cc:   Gun Owners of America
      Gun Owners Foundation